UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN TAYLOR,

       Petitioner,

                                                                            CASE NO. 2:06-CV-15697
v.                                                         HONORABLE MARIANNE O. BATTANI

STATE OF MICHIGAN,

       Respondent.
_____/

## OPINION AND ORDER SUMMARILY DISMISSING
## PETITION FOR WRIT OF HABEAS CORPUS

This is a habeas case brought pursuant to 28 U.S.C. § 225. Petitioner Kevin Taylor, a Michigan parolee, alleges that he is being held on parole in violation of his constitutional rights. For the reasons set forth below, the Court summarily denies and dismisses the petition for writ of habeas corpus.

I.

Petitioner was arrested for operating under the influence and driving while license suspended following an incident at the Beacon Cove Marina in Harrison Township, Michigan on July 8, 2004. After being charged, Petitioner filed a motion to dismiss or for an evidentiary hearing in the Macomb County Circuit Court raising the same claim presented upon habeas review. The trial court denied the motion. *See People v. Taylor*, No. 04-2705-FH (Macomb Co. Cir. Ct. Nov. 10, 2004). Petitioner thereafter pleaded guilty to operating a motor vehicle while intoxicated, third offense, in the Macomb County Circuit Court and was sentenced to 15 to 60

1

months imprisonment on May 11, 2005.

Following sentencing, Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied for lack of merit. *People v. Taylor*, No. 263156 (Mich. Ct. App. Oct. 15, 2005). He also filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Taylor*, 474 Mich. 985, 707 N.W.2d 206 (2005). Petitioner was released on parole on September 6, 2006. His supervision discharge date is March 6, 2008.

Petitioner filed the instant habeas petition on December 22, 2006. In his pleadings, Petitioner raises the following claim:

> That the trial court erred by failing to grant Petitioner's motion to quash and dismiss the charges, and/or conduct an evidentiary hearing, that the Petitioner was on private property with (barriers) to stop public access, in a non-residential area, which is not generally accessible to the public.

II.

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law, or it may be summarily dismissed. *See Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition and any exhibits that the petitioner is not entitled to federal habeas relief. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a response from the State. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970); *see also Robinson v. Jackson*, 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005).

In this case, Petitioner essentially challenges the state courts' interpretation of the following Michigan statute:

> A person whether licensed or not, shall not operate a vehicle upon a highway or other place open to the general public or generally accessible to motor vehicles, including an area designated for the parking of vehicles, within this State if the person is operating while intoxicated.

Mich. Comp. L. 257.625(1).

Because Petitioner raises a claim about the alleged deprivation of rights that occurred before the entry of his plea, his claim is foreclosed by his plea. *See United States v. Broce*, 488 U.S. 563, 569 (1989); *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). The United States Supreme Court has explained:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within [constitutional standards].

*Tollett*, 411 U.S. at 267. Simply stated, a defendant who pleads guilty or *no lo contendere* generally waives any non-jurisdictional claims that arose before his plea. In a plea case, the Court's inquiry is limited to whether the plea was knowing, intelligent, and voluntary. *Broce*, 488 U.S. at 569. Petitioner does not dispute the knowing, intelligent, or voluntary nature of his plea in his habeas pleadings. His claim is thus foreclosed by his plea.

Furthermore, even if Petitioner's claim is not foreclosed by his plea, he is still not entitled to habeas relief. Petitioner is essentially challenging the state court's interpretation of Mich. Comp. L. § 257.625(1) in his pleadings. It is well-settled, however, that "a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting on habeas review." *Bradshaw v. Richey*, _ U.S. _, 126 S.

Ct. 602, 604 (2005). "[S]tate courts are the ultimate expositors of state law." *Mullaney v. Wilbur*, 421 U.S. 684, 691 (1975). As the Sixth Circuit has explained:

> When a state court enters or affirms a conviction, it is saying that the evidence satisfies the legal norms. These norms are for the state to select. State law means what state courts say it means. A claim that the state court misunderstood the substantive requirements of state law does not present a claim under § 2254.

*Sanford v. Yukins*, 288 F.3d 855, 860 (6th Cir. 2002) (quoting *Bates v. McCaughtry*, 934 F.3d 99 (7th Cir. 1991)). Because Petitioner is only challenging the state courts' interpretation of Michigan law, he has failed to state a claim upon which federal habeas relief may be granted. His habeas petition must therefore be dismissed on this basis as well.

### III.

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claim raised in his petition. Accordingly, the Court **DENIES** and **DISMISSES WITH PREJUDICE** the petition for writ of habeas corpus.

**IT IS SO ORDERED**.

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

DATED: January 5, 2007

4